UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

U.S.A. vs. Malcolm Adams                                                                              Docket No. 7:03-CR-123-3BO

## Petition for Action on Supervised Release

COMES NOW C. Lee Meeks, Jr., U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Malcolm Adams, who, upon an earlier plea of guilty to Conspiracy to Distribute and Possess With Intent to Distribute More Than 500 Grams of Cocaine and 3,4-Methylenedioxymethamphetamine (Ecstasy), in violation of 21 U.S.C. §§ 846 and 841(a)(1), was sentenced by the Honorable Terrence W. Boyle, U.S. District Judge, on November 10, 2004, to the custody of the Bureau of Prisons for a term of 168 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 5 years. On November 18, 2014, the term of custody was reduced to 135 months as the result of an Order Regarding Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2).

Malcolm Adams was released from custody on October 30, 2015, at which time the term of supervised release commenced. On March 10, 2017, Adams was transferred to the Low Intensity Program as the result of his compliance, and being assessed as a low risk to recidivate.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** On May 17, 2017, Adams submitted to urinalysis that returned positive for cocaine. When confronted with the violation, the defendant admitted he used cocaine with friends. The defendant was verbally reprimanded and returned to regular supervision. Additionally, he was referred to PORT Human Services in New Bern, North Carolina, to participate in substance abuse counseling.

On July 6, 2017, and July 17, 2017, Adams submitted to urinalysis that returned positive for cocaine. When confronted with the violation, the defendant signed an admission form confirming the validity of the test results. Consequently, PORT Human Services was contacted and his substance abuse treatment plan was increased.

Since his release from custody, Adams has remain gainfully employed, reported as directed, and maintained a stable residence. However, it is obvious he suffers with substance abuse issues. As a sanction for the violation, the probation officer respectfully recommends the terms of supervised release be modified to include a 60 day term of home detention, with electronic monitoring. It is also recommended the defendant pay for the monitoring services.

The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 60 consecutive days. The defendant shall be restricted to residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall submit to the following Location Monitoring: Radio Frequency monitoring and abide by all program requirements, instructions and procedures provided by the supervising officer. The defendant must pay all of the cost of the program.

Malcolm Adams
Docket No. 7:03-CR-123-3BO
Petition For Action
Page 2

Except as herein modified, the judgment shall remain in full force and effect.

| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| /s/ Robert L. Thornton<br>Robert L. Thornton<br>Supervising U.S. Probation Officer | /s/ C. Lee Meeks, Jr.<br>C. Lee Meeks, Jr.<br>U.S. Probation Officer<br>200 Williamsburg Pkwy, Unit 2<br>Jacksonville, NC 28546-6762<br>Phone: 910-346-5105<br>Executed On: August 29, 2017 |

## ORDER OF THE COURT

Considered and ordered this 30 day of August, 2017, and ordered filed and made a part of the records in the above case.

_____
Terrence W. Boyle
U.S. District Judge